KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant United States Attorney
California State Bar No. 239764
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787/(619)235-2757(Fax)
E-mail: aaron.clark@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>ANIBAL DIAZ-RODRIGUEZ,<br><br>            Defendant. | Criminal Case No. 08CR1001-LAB<br><br>DATE:   May 12, 2008<br>TIME:   2:00 p.m.<br><br>GOVERNMENT'S STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR:<br><br>(1)   RECIPROCAL DISCOVERY;<br>(2)   FINGERPRINT EXEMPLARS; AND<br>(3)   LEAVE TO FILE FURTHER MOTIONS |

**I.**

**STATEMENT OF THE CASE**

On April 2, 2008, a federal grand jury in the Southern District of California returned a true bill of Indictment charging Anibal Diaz-Rodriguez ("Defendant") with one count of Deported Alien Found in the United States in violation of Title 8, United States Code, § 1326(a) and (b). Defendant was arraigned on the indictment on April 3, 2008 and entered a plea of "not guilty."

**II.**

**STATEMENT OF THE FACTS**

**A.   IMMIGRATION HISTORY**

Defendant is a Mexican citizen who appeared before an immigration judge on July 1, 1999. At the hearing, the immigration judge ordered Defendant deported to Mexico. Defendant has also been physically removed from the United States on numerous occasions. His latest removal occurred on October 13, 2006, by foot, through the San Ysidro, California Port of Entry.

**B.    RAP SHEET SUMMARY CHART**

| CONVICT DATE | COURT OF CONVICTION | CHARGE | TERM |
|---|---|---|---|
| 12-16-05 | USDC SDCA | 8 U.S.C. 1326 – Deported Alien Found in the United States | 30 Months |
| 7-29-02 | USDC SDCA | 18 USC 1001 – False Statement to Federal Officer | 5 Months |
| 1-18-01 | USDC SDCA | 18 USC 911 – False Claim to US Citizenship<br><br>Supervised Release Revocation (8-5-02) | 10 Months<br><br>7 Months |
| 2-22-99 | CASC San Diego | PC 12020: Poss. Proh. Weapon (F)<br>Probation Violation (9-13-00)<br>Probation Violation (9-18-02)<br>Probation Violation (8-26-03) | 240 Days<br>365 Days<br>32 Months |
| 8-27-98 | CASC San Diego | VC 10851: Vehicle Theft<br>Probation Violation (2-22-99)<br>Probation Violation (9-13-00)<br>Probation Violation (9-18-02)<br>Probation Violation (8-26-03) | 116 Days<br>63 Days<br>176 Days<br>32 Months |

**C.    DEFENDANT'S APPREHENSION**

On February 28, 2008, Border Patrol Agents Efrain Blas, Antonio Cacho, and Alexander Roozen conducted surveillance at 4190 National Ave., San Diego, California based on information that Defendant had re-entered the United States illegally. At approximately 7:10 p.m. that evening, Defendant exited a car in front of the address. Agents Blas and Cacho approached Defendant and questioned him regarding his identity and immigration status. Defendant admitted he was born in Mexico and had no documents allowing him to be in the United States legally.

## II.

## **MOTION FOR RECIPROCAL DISCOVERY**

The United States hereby moves for reciprocal discovery from Defendant. To date Defendant have not provided any. The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in their case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's requests for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The Government also requests a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

In addition, Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by defendants. This rule thus provides for the reciprocal production of <u>Jencks</u> statements. The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

//

## III.

## **MOTION FOR FINGERPRINT EXEMPLARS**

As part of its burden of proof at trial, the Government must prove beyond a reasonable doubt that Defendant is the same person who was previously deported from the United States. Defendant's warrants of deportation and related documents bear fingerprints to verify his identity. In order to meet our burden of proof, the United States anticipates calling a certified fingerprint examiner to obtain fingerprint exemplars from Defendant and compare those with the fingerprints on the immigration documents.

Defendant has no privilege against providing fingerprint exemplars. The Fifth Amendment privilege is limited to communications or testimonial evidence. Schmerber v. California, 384 U.S. 757, 763-64 (1966). The Government's use of identifying physical characteristics, such as fingerprint exemplars, does not violate a defendant's Fifth Amendment rights. See, e.g., United States v. De Palma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968). Compare United States v. Jackson, 886 F.2d 838, 845 n.8 (7th Cir. 1989) ("There is no doubt that requiring a defendant to give a handwriting specimen does not violate his fifth amendment privilege against self-incrimination since the privilege reaches only compulsion of a defendant's communication."). Accordingly, the Court should order that Defendant provide fingerprint exemplars to the Government's fingerprint expert.

## IV.

## **LEAVE TO FILE FURTHER MOTIONS**

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

//
//
//
//
//
//

## V.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that its motions for reciprocal discovery, fingerprint exemplars and leave to file further motions be granted.

DATED: April 24, 2008

                              Respectfully Submitted,

                              KAREN P. HEWITT
                              United States Attorney

                              s/Aaron B. Clark
                              AARON B. CLARK
                              Assistant United States Attorney
                              Attorneys for Plaintiff
                              United States of America
                              Email: aaron.clark@usdoj.gov